UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON FLAKES,

      Plaintiff,

v.

LISA REED,
DAVID HORVATH,
JEREMY BUGBEE,
AMIE RAMIREZ,
KATHLEEN PARSONS,
DARREL BARROWS,
KYLE RUSSELL,
STEPHANIE ADAMS,
TRACY GROSSETT,
ROBERT COOPER, and
DUJUANA VANDECASTEELE,

      Defendants.
_____/

Case No. 2:24-cv-10475

District Judge Jonathan J.C. Grey
Magistrate Judge Anthony P. Patti

**ORDER: (1) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO AMEND (ECF No. 25); (2) GRANTING PLAINTIFF'S MOTION FOR EXTENSION (ECF No. 38); (3) CONSTRUING PLAINTIFF'S JULY 2024 AFFIDAVIT (ECF No. 30) AS SUPPORTIVE OF HIS DISPOSITIVE MOTION RESPONSE; (4) STRIKING PLAINTIFF'S SEPTEMBER 5, 2024 FILING (ECF No. 37); and, (5) STRIKING PLAINTIFF'S NOVEMBER 13, 2024 "MOTION TO OBJECT" (ECF No. 45)**

**A.    Background**

Jason Flakes is currently located at the Michigan Department of Corrections (MDOC) Oaks Correctional Facility (ECF). (ECF No. 48.) It appears he is currently in MDOC custody for parole violations stemming from sentences

1

imposed on June 29, 2022 in Case Nos. 20-09817-FC, 20-09818-FC (Kent County). (*See* ECF No. 1, PageID.5.) The factual allegations underlying Plaintiff's complaint span the period from July 2023 to February 2024. (ECF No. 1, PageID.5-38.)

On February 7, 2024, when Flakes was located at the MDOC's St. Louis Correctional Facility (SLF), he filed a lengthy, handwritten complaint in the Western District, naming eleven SLF Defendants and attaching more than 200 pages of exhibits. (ECF No. 1, PageID.3-4, 52-53.) (*See also* ECF Nos. 2, 3.) The case was transferred to this Court on February 26, 2024. (ECF Nos. 1-5.) He was permitted to proceed *in forma pauperis*, an order issued directing service by the U.S. Marshals Service (USMS), and the case was referred to me for full pretrial matters. (ECF Nos. 7, 8, 10.) The USMS attempted service as to eleven Defendants, ten of whom have since appeared via counsel. (ECF Nos. 9, 11-21, 23.)[1]

---

[1] Darrel Barrows has yet to appear, notwithstanding the USMS's March 26, 2024, July 23, 2024, and November 14, 2024 attempts to serve him by mail. (*See* ECF No. 9, PageID.10; ECF No. 29; ECF No. 46; *see also* ECF Nos. 26, 44.) Indeed, on February 10, 2025, the Clerk of the Court denied Plaintiff's request for Clerk's entry of judgment by default. (*See* ECF Nos. 49, 50.)

**B.    Plaintiff's motion to amend (ECF No. 25) is denied without prejudice.**

In June 2024, Plaintiff filed a motion, pursuant to Fed. R. Civ. P. 15, asking the Court "to amend all of the [specified] below listed colorful claims into his complaint with the requested damages[,]" seemingly "to correct the errors in his complaint," and "to add in Defendant Lynch[,]" etc. (ECF No. 25, PageID.134, 140.) His proposed changes are organized into three categories: (1) add as a Defendant SLF Lieutenant/Hearings Officer (first name unknown) Lynch, who allegedly conspired with Defendant Bugbee to retaliate against Plaintiff, based on factual allegations for May – June 2024 and for which Plaintiff proposes related claims (*id*., PageID.134-137); (2) continue claims against Defendant Bugbee for retaliation, based on events post-dating his complaint (*id*., PageID.137-138); and, (3) correct the calculations of damages requested (*id*., PageID.138-139).

The MDOC Defendants oppose the motion (ECF No. 28), and Plaintiff's reply appears within another filing (*see* ECF No. 30, PageID.338-347), attached to which are documents related to MDOC Grievance Identifier SLF-24-06-0575-28C, initiated on June 3, 2024 regarding May 23-30, 2024 incidents (*id*., PageID.348-356).

Upon consideration, Plaintiff's motion to amend (ECF No. 25) is **DENIED WITHOUT PREJUDICE**. "A party who moves to amend a pleading shall attach the proposed amended pleading to the motion. Any amendment to a pleading,

whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." E.D. Mich. LR 15.1. Although "[f]ailure to comply with this Rule is not grounds for denial of the motion[,]" *id*., the Court cannot "merge" the above-mentioned proposed changes with the original complaint. Considering the nature of Plaintiff's proposed changes – some more consistent with a motion to supplement the pleading (*see* Fed. R. Civ. P. 15(d)) and some seeking corrections to damages calculations – Plaintiff may renew his motion to amend (and/or supplement) if and when his original complaint survives Defendants' currently pending exhaustion-related motions for summary judgment (*see* ECF Nos. 32, 34).

C. **Plaintiff's September 2024 motion for an extension of time (ECF No. 38) is granted, and the Court will consider Plaintiff's June 25, 2024 "motion" (ECF No. 27) <u>and</u> October 1, 2024 "motion" (ECF No. 39) as responses to Defendants' pending exhaustion-based motions for summary judgment (ECF Nos. 32, 34).**

The MDOC Defendants originally filed a motion for summary judgment on May 28, 2024 (ECF No. 23), to which Plaintiff arguably responded on June 25, 2024 by filing a motion "to refute the MDOC Defendants['] claims pertaining to exhaustion[,]" (ECF No. 27), and an affidavit (ECF No. 24), much of which concerns SLF grievances.

4

However, on July 31, 2024, the MDOC Defendants filed an amended motion for summary judgment (ECF No. 32) and sought to strike their original motion – described as "incomplete" – in favor of the newly amended version (ECF No. 31). The Court granted this request on August 1, 2024. (ECF Nos. 31.)[2]

On August 20, 2024, Defendant Russell filed a motion for summary judgment. (ECF No. 34.) By a request post-marked September 17, 2024 and filed on September 20, 2024, Plaintiff sought an extension of time, describing the alleged events of September 14, 2024, when, *inter alia*, Plaintiff contends the corrections officers "destroyed [his] legal work [regarding his] 42 U.S.C. § 1983 civil lawsuit on the facility employees and his motion he was working on to reply to Defendant Kyle Russell and his attorney summary judgement brief." (ECF No. 30, PageID.634-635 ¶¶ 1, 3.) Plaintiff's request for relief asks the Court:

> . . . to extend my time to submit my summary judgement motion. As, to allow me an oppor[t]unity to file a grievance to have an investigation completed as to see where my legal documents disappeared to. So, I can get justice.

(ECF No. 38, PageID.635.)

---

[2] Plaintiff subsequently submitted an 11-page objection / response (ECF No. 35, PageID.487-497), attached to which were approximately 84 pages of exhibits (*see id.*, PageID.498-581). To the extent this filing concerns SLF-911, SLF-1062, SLF-0048, SLF-0049, SLF-0035, or SLF-0108, these are addressed in a simultaneously filed report and recommendation. Therefore, the Court will not revisit its decision to allow the replacement of Defendants' original motion (ECF No. 23) with their amended motion (ECF No. 32).

On October 1, 2024, Plaintiff filed a "motion for summary judgment on the basis of exhaustion" (ECF No. 39), which Defendants have interpreted as a response. Russell and the MDOC Defendants have filed replies. (ECF Nos. 40, 42.)[3]

Upon consideration, Plaintiff's September 20, 2024 motion (ECF No. 38) is **GRANTED**, but only to the extent it asks the Court to recognize his then-forthcoming October 1, 2024 "motion for summary judgment on the basis of exhaustion" (ECF No. 39) as a response to Defendants' pending exhaustion-based motions for summary judgment (ECF Nos. 32, 34). In fairness to Plaintiff, who is appearing *in pro per*, the Court will also consider his June 25, 2024 "motion" (ECF No. 27) as a dispositive motion response. If Plaintiff sought this extension for the purpose of having the "opportunity to file a grievance to have an investigation completed as to see where [his] legal documents disappeared to[,]" so he "can get justice[,]" (ECF No. 38, PageID.635), the Court assumes this concern was rectified by the time he filed his October 1, 2024 "motion" / response (ECF No. 39), attached to which were grievance materials (SLF-2024-01-0049-28I, SLF-2024-01-0108-28I) and MDOC Policy Directives (01.05.120, 03.03.130, 03.02.130). If Plaintiff was *separately* seeking permission to file a new grievance concerning the

---

[3] Plaintiff filed an "objection" (ECF No. 43) to Defendant Russell's reply (ECF No. 40); however, Plaintiff's objection (ECF No. 43) was stricken from the record on November 6, 2024 as an impermissible sur-reply.

6

apparent allegation that corrections officers destroyed his legal work on September 14, 2024, he did not need this Court's permission to do so.

D. **Plaintiff's July 2024 affidavit (ECF No. 30) appears intended as support for his response (ECF No. 27) to the MDOC Defendants' original exhaustion-based motion for summary judgment (ECF No. 23).**

On July 22, 2024, Plaintiff served a 2-page affidavit, contending that Defendant Bugbee "continues to retaliate against [Plaintiff] by not allowing [him] access to the [SLF] law library." (ECF No. 30, PageID.333-334, 357-358.) Attached to this filing are copies of July 2024 SLF law library session repeat callout requests. (*Id.*, PageID.335-337.)

On August 1, 2024, the Court entered a text-only order, stating in part that, by September 13, 2024, "Plaintiff must . . . clarify in a one-page filing what motion his July 22, 2024 declaration and its attached materials are meant to support . . . and whether he intends to rely on this declaration and its attached materials as or in support of his response to the amended motion for summary judgment (ECF No. 32)." (Text-Only Order [Aug. 1, 2024].) Moreover, the text-only order noted: "Free standing declarations which are not filed in support of a motion or response will be stricken." (*Id.*)

On August 20, 2024, Plaintiff filed an "affidavit of acknowledgment," which seems to explain that his affidavit and attachments served on July 22, 2024 (*see* ECF No. 30) were intended to support his opposition filed on October 1, 2024 (*see*

7

ECF No. 39) to the MDOC Defendants' July 31, 2024 amended motion for summary judgment (*see* ECF No. 32). (*See* ECF No. 36.) However, based on the July 22, 2024 service date, the Court suspects this filing (ECF No. 30) was intended to support Plaintiff's June 17, 2024 opposition (*see* ECF No. 27, PageID.143-144; ECF No. 27-1) to the MDOC Defendants' original, May 28, 2024, motion for summary judgment (*see* ECF No. 23) and will treat it as such.

**E.      Plaintiff's September 5, 2024 filing (ECF No. 37) is stricken.**

In a filing dated August 28, 2024 and post-marked August 29, 2024, Plaintiff submitted a 14-page, multi-relief motion (ECF No. 37, PageID.588-601), accompanied by multiple pages of exhibits (*id*., PageID.602-630) and a proof of service (*id*., PageID.631-632). To the extent this submission was titled a "response to Defendant Kyle Russell's answer and affirmative defenses," (*see* ECF No. 33), "a reply to an answer . . ." is allowed "if the court orders one[.]" Fed. R. Civ. P. 7(a)(7). The Court did not do so in this matter. To the extent the submission is titled a "motion to object," his citation to Fed. R. Civ. P. 46 ("Objecting to a Ruling or Order") – a trial-related federal rule of civil procedure – is misguided. Moreover, of his two-delineated objections: (1) the first appears related to Russell's answer's grievance related comments and/or Russell's 2nd affirmative

8

defense (*see* ECF No. 33, PageID.425 ¶ 4, 428; ECF No. 37, PageID.593-597);[4] and, (2) the qualified immunity-related objection appears responsive to Russell's 3rd and 5th affirmative defenses (*see* ECF No. 33, PageID.429-430; ECF No. 37, PageID.597-600).  Thus, this filing (ECF No. 37) clearly appears to be an impermissible and uninvited reply to an answer, which is, therefore, **STRICKEN** from the record.

F.  **Plaintiff's November 13, 2024 "motion to object" (ECF No. 45) is stricken as an impermissible sur-reply.**

On November 13, 2024, Plaintiff filed a 15-page motion (ECF No. 45) to object to the MDOC Defendants' October 18, 2024 reply (ECF No. 42) to Plaintiff's October 1, 2024 filing (ECF No. 39), which itself, although titled a "motion for summary judgment on the basis of exhaustion," seems to be a response to either or both of Defendants' pending exhaustion-based motions for summary judgment (*see* ECF Nos. 32, 34).

Plaintiff's November 13, 2024 "motion" delineates six (6) objections, each of which concerns grievances and/or exhaustion of available administrative remedies (*see* ECF No. 45, PageID.732-746) – *i.e.*, Plaintiff's filing addresses the

---

[4] If this particular "objection" (*see* ECF No. 37, PageID.593-597) was intended to be a *response in opposition* to Defendant Russell's August 20, 2024 exhaustion-related motion for summary judgment (ECF No. 34), the Court assumes he has reiterated these arguments in his later-filed, October 1, 2024 "motion" (ECF No. 39), which will be interpreted as a response to Defendants' pending, exhaustion-based motions for summary judgment (ECF Nos. 32, 34).

9

basis for the MDOC Defendants' and Russell's pending motions for summary judgment (*see* ECF Nos. 32, 34).  Plaintiff's "motion to object" also relies upon Fed. R. Civ. P. 46 (*see* ECF No. 45, PageID.732), which inapplicably relates to "Objecting to a Ruling or Order."  In reality, Plaintiff's filing – fashioned as a "motion to object" – is merely an impermissible sur-reply.  *See* E.D. Mich. LR 7.1(d)(1) (allowing only motions, responses, and replies).

Consistent with this Court's November 6, 2024 text-only order striking Plaintiff's attempt at a sur-reply to Defendant Russell's reply (*see* ECF Nos. 40, 43), Plaintiff's November 13, 2024 filing (ECF No. 45) is rejected by the Court for several reasons:  (1) E.D. Mich. LR 7.1(d)(1), which concerns briefs required and permitted, does not permit the filing of a sur-reply, much less an "objection" to a reply; (2) Plaintiff did not seek permission to file a sur-reply, but, in any case, I would have denied such a request, as the Court has an adequate record (*see* ECF Nos. 32, 34, 27, 39, 40, 42); and (3) my Practice Guidelines, which are publicly available on the Court's website, provide, in part:  "Additional briefing, including sur-replies, will NOT be permitted unless requested by the Court.  The Court will strike any improperly filed sur-replies or other briefing not contemplated by the Local Rules."  Accordingly, Plaintiff's November 13, 2024 filing (ECF No. 45) is **HEREBY STRICKEN**.

**IT IS SO ORDERED.**[5]

Dated: February 19, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[5] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).