# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JASON FLAKES,

      Plaintiff,

v.

LISA REED et al.,

      Defendants.

_____/

Case No. 24-10475
Hon. Jonathan J.C. Grey
Mag. Judge Anthony P. Patti

## ORDER ADOPTING IN PART FEBRUARY 19, 2025 REPORT AND RECOMMENDATION (ECF No. 52)

On February 7, 2024, Plaintiff Jason Flakes filed this pro se civil action against the defendants alleging violations of his Eighth and Fourteenth Amendment rights under 42 U.S.C. § 1983. (ECF No. 1.) On February 26, 2024, Flakes' case was transferred to this Court. (*Id.*) On March 27, 2024, all pretrial matters in this case were referred to United States Magistrate Judge Anthony P. Patti. (ECF No. 10.) Nine defendants[1] filed an amended motion for summary judgment and Defendant Kyle Russell filed a motion for summary judgment based on

---

[1] The nine defendants who filed this motion are Stephanie Adams, Jeremy Bugbee, Robert Cooper, Tracy Grossett, David Horvath, Kathleen Parsons, Amie Ramirez, Lisa Reed, and Dujuna Vandecasteele (collectively, the "MDOC Defendants").

Flakes' alleged failure to exhaust administrative remedies. (ECF Nos. 32, 34.) Both motions are fully briefed. [2]

This matter comes before the Court on Judge Patti's Report and Recommendation dated February 19, 2025. (ECF No. 52.) In the Report and Recommendation, Judge Patti recommends that the Court grant in part and deny in part the MDOC Defendants' amended summary judgment motion, and grant Russell's summary judgment motion. (ECF No. 52.) The MDOC Defendants and Flakes both object to Judge Patti's Report and Recommendation. (ECF Nos. 53, 55.) Specifically, the MDOC Defendants argue that SLF-0035, although it was designated as non-grievable, did not exhaust Flakes' claims against Defendant Bugbee. (ECF No. 53.) Flakes specifically objects to the dismissal of his claims against Defendants Parsons and Russell, and Flakes preserves his rights to his claims against Defendant Barrows. (ECF No. 55.)

## I.   LEGAL STANDARD

When ruling on objections to a magistrate judge's Report and Recommendation, the court must conduct a de novo review of portions of

---

[2] Although Flakes filed two "motions" on June 25, 2024 and October 1, 2024, these filings are more properly construed as response briefs to the defendants' two summary judgment motions, respectively. (ECF Nos. 27, 39.)

the Report and Recommendation to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). An objection that does nothing more than disagree with a magistrate judge's findings, "without explaining the source of the error[,]" is not considered a valid objection. *Id.*

Further, "[a] district court should only review for clear error where a party makes perfunctory arguments to engage the district court in rehashing the same arguments set forth in the original petition." *Brooks v. Invista (Koch Indus.)*, 528 F. Supp. 2d 785, 788 (E.D. Tenn. 2007). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks." *Id.* "This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

## II.    SLF-0035

The MDOC Defendants argue that SLF-0035 did not exhaust Flakes' claims against Bugbee pursuant to the grievance policy that was in effect when Flakes filed SLF-0035. (ECF No. 53.) Although the MDOC Defendants submitted the 2019 grievance policy (MDOC PD 03.02.130) with their motion for summary judgment, the policy was updated on September 25, 2023. (ECF Nos. 32-2, 53-1.) The updated policy required that grievances categorized as non-grievable be "appealed . . . through all three steps of th[e] grievance process in order to exhaust administrative remedies since the non-grievable designation may be overturned at Step II or Step III." (ECF No. 53, PageID.838; ECF No. 53-1, PageID.844.) Since Flakes filed SLF-0035 on January 12, 2024, the updated grievance policy would have been in effect. (ECF No. 27, PageID.191.) Accordingly, since SLF-0035 was designated as non-grievable and the Step III decision for SLF-0035 was not issued until March 5, 2024, nearly a month after the filing of this lawsuit, Flakes did not properly exhaust his SLF-0035 claims. (*See* ECF No. 27, PageID.189.)

Nevertheless, the MDOC Defendants did not raise this argument in their summary judgment motion. (*See* ECF No. 32.) Instead, the

MDOC Defendants seemingly assumed that because SLF-0035 was exhausted under the 2023 policy, it was not relevant to their summary judgment motion. However, Judge Patti rightly raised issue with SLF-0035's non-grievable designation because, under the 2019 policy, it was unclear whether this meant SLF-0035 was exhausted after Step I. (ECF No. 52, PageID.822.) Generally, a party waives its right to address issues in its objections to a Report and Recommendation when those issues were not addressed in their initial motion. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (finding that parties' objections cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate."); *see also United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998). However, since Judge Patti raised the issue sua sponte, the Court likely has the authority to consider the 2023 policy provided by the MDOC Defendants through their objection. *See Morgan v. Trierweiler*, 67 F.4th 362, 369 (6th Cir. 2023) (allowing review of an argument raised sua sponte by the magistrate judge because "[t]he first chance that [Plaintiff] had to respond to this issue was in his objection to the Report and Recommendation."). Therefore, since the 2023 policy clearly resolves the questions of exhaustion for SLF-0035, the Court finds

reason to dismiss the claim. Accordingly, the MDOC Defendants' motion for summary judgment is **GRANTED** as to SLF-0035 and Bugbee is **DISMISSED** from this matter.

## III.   FLAKES' OBJECTIONS

## A.   Parsons

Flakes argues Parsons' rejections of his grievances (SLF-0035,[3] SLF-0048, SLF-0049, and SLF-0108) were retaliatory violations of his First Amendment rights. (ECF No. 55.) However, Flakes offers no argument as to why Parsons' rejections were retaliatory aside from conclusory statements. (ECF No. 55, PageID.856) ("As the Court[] could see[,] Defendant[] [P]arsons retaliated."). Without any argument as to the propriety of Parsons' rejections, the Court concurs with the Report and Recommendation that Parsons cannot be liable under 42 U.S.C. §1983 for denying an administrative grievance. (ECF No. 52.) Therefore, the Magistrate Judge reached the correct conclusions for the proper reasons by dismissing Parsons from this matter.

---

[3] Since the Court has already found that SLF-0035 was not properly exhausted, it will only consider Flakes' arguments as to the remaining grievances allegedly rejected by Parsons: SLF-0048, SLF-0049, and SLF-0108.

**B.    Russell**

Flakes simply restates the argument outlined in his response brief and does not address the Magistrate Judge's finding that SLF-0049 and SLF-0108 did not exhaust Flakes' claims against Russell. (*See* ECF No. 52, PageID.831–833.) Therefore, the Court finds that the Magistrate Judge reached the correct conclusions for the proper reasons by granting Russell's motion for summary judgment.[4]

**IV.    CONCLUSION**

For the reasons stated above, **IT IS ORDERED** that the Report and Recommendation dated February 19, 2025 (ECF No. 52) is **ADOPTED IN PART** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that the MDOC Defendants' motion for summary judgment (ECF No. 32) is **GRANTED IN PART AND DENIED IN PART.**

---

[4] Flakes argues that Barrows should not be dismissed from this case, but the Magistrate Judge did not address Flakes' claims against Barrows in his Report and Recommendation. (ECF No. 52, PageID.812 n.2) ("Barrows has yet to appear[,] . . . [a]ccordingly, this report does not address [Flakes'] claims against Barrows."). Therefore, the Court need not address this objection. The Court notes that Flakes seeks to preserve his claims against Barrows. (ECF No. 55.)

**IT IS FURTHER ORDERED** that the MDOC Defendants' motion for summary judgment (ECF No. 32) is **GRANTED** as to Flakes' claims against Adams, Bugbee, Cooper, Grossett, Parsons, Ramirez, and Vandecasteele, and **DENIED** as to Flakes' claims against Horvath and Reed.

**IT IS FURTHER ORDERED** that Russell's motion for summary judgment (ECF No. 34) is **GRANTED**.

      **SO ORDERED**.

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

Date:  March 21, 2025

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 21, 2025.

<u>s/ **S. Osorio**</u>
Sandra Osorio
Case Manager