UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON FLAKES,

    Plaintiff,

v.

LISA REED, DAVID HORVATH,
JEREMY BUGBEE, AMIE RAMIREZ,
KATHLEEN PARSONS, DARREL
BARROWS, KYLE RUSSELL,
STEPHANIE ADAMS, TRACY
GROSSETT, ROBERT COOPER, and
DUJUANA VANDECASTEELE,

    Defendants.
_____/

Case No. 2:24-cv-10475

District Judge Jonathan J.C. Grey
Magistrate Judge Anthony P. Patti

**ORDER CONSTRUING PLAINTIFF'S MAY 28, 2025 MOTION TO STAY JUDGMENT (ECF No. 68) AS A MOTION TO STRIKE DEFENDANTS HORVATH AND REED'S MOTION TO DISMISS (ECF No. 64) and DENYING SUCH MOTION**

    This order concerns MDOC Defendants Horvath and Reed. In July 2024, nine MDOC Defendants filed an amended motion for summary judgment (ECF No. 32), arguing that Plaintiff "did not exhaust any claims against the MDOC Defendants." (*Id.*, PageID.371, 383.) Judge Grey's March 21, 2025 order granted the MDOC Defendants' motion as to seven of the movants but denied it as to movants Horvath and Reed. (ECF No. 57.)

1

On April 24, 2025, Defendant Horvath and Reed filed a motion to dismiss (ECF No. 64), arguing that Plaintiff's complaint "does not state any claims against Reed or Horvath." (*Id*., PageID.1059.)  Plaintiff timely filed a response.  (ECF Nos. 65, 69.)  At the same time Plaintiff filed his May 28, 2025 response (ECF No. 69), he also filed a "motion to stay judgment." (ECF No. 68.)  However, no judgment has been entered in this case.  Instead, Plaintiff refers to Judge Grey's March 21, 2025 order (ECF No. 57) and asks the Court to "stay the Judges ORDERS that are in his favor," "dismiss [Defendant Reed & Horvath's] frivolous motion to dismiss[,]" and "ALLOW this case to proceed to trial . . . ." (ECF No. 68, PageID.1082.)

Upon consideration, Plaintiff's May 28, 2025 motion to stay judgment (ECF No. 68) is **CONSTRUED** as a motion to strike Defendants Horvath and Reed's motion to dismiss (ECF No. 64), and, so construed, Plaintiff's motion (ECF No. 68) is **DENIED**.  The motion to dismiss is not frivolous.  While Judge Grey found that the claims against Horvath and Reed survived Defendants' 42 U.S.C. § 1997e(a) exhaustion-based motion for summary judgment (*see* ECF Nos. 32, 57), Horvath and Reed's subsequent, pending motion to dismiss asks a different question – whether Plaintiff's claims against Horvath and Reed "state a claim upon which relief can be granted[,]" Fed. R. Civ. P. 12(b)(6).  In sum, the motion to dismiss does not offend the Court's order (ECF No. 57) regarding the motion for

2

summary judgment (ECF No. 32). A report and recommendation on Defendants Horvath and Reed's April 24, 2025 motion to dismiss will issue under separate cover.

**IT IS SO ORDERED.**[1]

Dated: June 3, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).