UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON FLAKES,

    Plaintiff,                         Case No. 24-10475
                                      Hon. Jonathan J.C. Grey
v.                                    Mag. Judge Anthony P. Patti

REED et al.,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 63)

On March 21, 2025, the Court adopted in part Magistrate Judge Anthony P. Patti's February 19, 2025 Report and Recommendation. (ECF No. 57.) The Court found that Plaintiff Jason Flakes did not properly exhaust his SLF-0035 claims. (*Id.*) As a result, the claim was dismissed, and Defendant Jeremy Bugbee was dismissed from this case. (*Id.*) On April 14, 2025, Flakes filed a motion for reconsideration of the Court's dismissal of the claim and Bugbee from the case pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 63.) Flakes seems to argue that his SLF-0035 was improperly considered by the Court because it was not included in Flakes' original complaint. (*Id.*) Instead, Flakes is now

seeking to amend his complaint to include SLF-0035 because it was exhausted after he filed his original complaint. (*Id.*); *see Mattox v. Edelman*, 851 F.3d 583, 595 (6th Cir. 2017) (holding that "the PLRA and Federal Rule of Civil Procedure 15 permit a plaintiff to amend his complaint to add claims that were exhausted after the commencement of the lawsuit, provided that the plaintiff's original complaint contained at least one fully exhausted claim.").

The Court finds that although Flakes allegedly did not raise his SLF-0035 claims in his complaint, he has waived his right to object to the Report and Recommendation. *Guzall v. City of Romulus*, No. 13-11327, 2016 WL 6068038 at *2 (E.D. Mich. Oct. 17, 2016) ("The arguments asserted in Plaintiff's pending motion for reconsideration, which were not raised in her objections to [the] Magistrate Judge['s report and recommendation], are not timely and therefore were waived."); *see also Webasto Thermo & Comfort N. Am., Inc. v. BesTop, Inc.*, No. 16-CV-13456, 2018 WL 6505370 at *1 (E.D. Mich. Dec. 11, 2018) (denying motion for reconsideration "[b]ecause [the district court] cannot 'reconsider' or 'clarify' an issue it was never called upon to decide and because the time to seek a ruling from this Court regarding the breadth

of [the] Magistrate Judge['s report and recommendation] ha[d] passed and any unstated objection ha[d] been waived"); *Marcum v. Duchak*, No. 3:17-CV-437, 2021 WL 2580575, at *4 (S.D. Ohio June 23, 2021), report and recommendation adopted, No. 3:17-CV-437, 2021 WL 3022878 (S.D. Ohio July 16, 2021) (finding that plaintiff was precluded from relief through a motion for reconsideration because he failed to raise the issue by filing an objection to the report and recommendation).

Nevertheless, even if the Court were to address Flakes' motion on the merits, he has also waived his right to amend his complaint by addressing the claim in his responsive briefing. Flakes' complaint includes over 200 pages of exhibits outlining his many claims against multiple defendants. (*See* ECF No. 1.) Judge Patti attempted to organize these claims to align with the narrative descriptions and claim forms submitted as exhibits. (*See* ECF No. 52, PageID.819–823.) Flakes should have addressed any discrepancies in which claims were actually before the Court much earlier. *See McGuire v. Highmark Holdings*, No. 3:19-CV-00902, 2020 WL 3488017, at *3 (M.D. Tenn. June 26, 2020) (citation and internal quotation marks omitted) ("While the Court is obligated to liberally construe any documents a pro se plaintiff files, it remains the

3

plaintiff's responsibility, and not the Court's, to sift through [his] various grievances and both to decide, and plead with some level of specificity, what claims [he] intends to assert against what defendants"). Therefore, the Court does not find good cause to alter or amend its judgment, or grant Flakes leave to amend his complaint.

For the reasons stated above, **IT IS ORDERED** that Flakes' motion for reconsideration (ECF No. 63) is **DENIED**.

    **SO ORDERED.**

Date: July 14, 2025

<u>s/Jonathan J.C. Grey</u>
Jonathan J.C. Grey
United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 14, 2025.

s/ **S. Osorio**
Sandra Osorio
Case Manager