UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON FLAKES (#407798),

        Plaintiff,

v.

LISA REED,
DAVID HORVATH,
JEREMY BUGBEE,
KATHLEEN PARSONS,
DARREL(L) BARROWS,
KYLE RUSSELL,
STEPHANIE ADAMS,
TRACY GROSSETT,
ROBERT COOPER,
AMIE RAMIREZ, and
DUJUANA VANDECASTEELE,

        Defendants.[1]
_____/

Case No. 2:24-cv-10475
District Judge Jonathan J.C. Grey
Magistrate Judge Anthony P. Patti

**ORDER (1) DENYING DEFENDANT BARROWS' JANUARY 27, 2026 MOTION (ECF No. 88) and (2) REQUIRING PLAINTIFF TO SHOW CAUSE WHY HIS CLAIMS AGAINST BARROWS SHOULD NOT BE DISMISSED UNDER FED. R. CIV. P. 41(b) AND E.D. MICH. LR 41.2**

    A.    **Defendant Barrows' December 17, 2025 exhaustion-based motion for summary judgment (ECF No. 85) is unopposed.**

---

[1] The spelling of Defendants' names was aided by counsel's appearances.  (ECF Nos. 21, 54, 61, 77.)

Judge Grey has referred this case to me for pretrial matters. (ECF No. 10.) Currently before the Court is Defendant Barrows' motion for summary judgment on the basis of exhaustion (ECF No. 85; *see also* ECF No. 86), as to which Plaintiff's response was due on January 16, 2026, per the Court's Order Requiring a Response (ECF No. 87).

To date, no response has been filed, which means that Defendants' motion is unopposed. *See* E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available.").

### B.    It appears Plaintiff has not updated his address of record following his January 6, 2026 parole.

At the time Jason Flakes filed his complaint in February 2024, he was located at the MDOC's St. Louis Correctional Facility (SLF) in St. Louis, MI. (ECF No. 1, PageID.3.) Since he initiated this case, he has filed several notices of change of address/contact information (*see* ECF Nos. 41, 47, 48), the most recent of which was dated January 31, 2025, post-marked February 3, 2025, and filed February 10, 2025, and informed the Court of his move to the MDOC's Oaks Correctional Facility (ECF) in Manistee, MI (*see* ECF No. 48). Accordingly, Plaintiff's address of record remains ECF. Indeed, his most recent filing – *i.e.*, his December 2025 witness list (*see* ECF No. 84) – lists ECF as his address.

Yet, the MDOC's Offender Tracking Information System (OTIS) indicates that Plaintiff was paroled on January 6, 2026 and is assigned to the Kent/Grand

2

Rapids/Parole/REP. (*See* www.michigan.gov/corrections, "Offender Search," last visited Jan. 29, 2026.) Thus, based on the record currently before the Court, Plaintiff has failed to comply with this Court's local rule regarding contact information. *See* E.D. Mich. LR 11.2 ("If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information.").

    **C.**    **Defendant Barrows' January 27, 2026 motion (ECF No. 88) is DENIED.**

On January 27, 2026, Defendant Barrows filed a motion (ECF No. 88) to enforce this Court's order requiring a response (ECF No. 87). Defendant Barrows specifically asks the Court "to enforce the local rules, hold [his] Motion for Summary Judgment as uncontested, grant the Motion for Summary Judgment and/or dismiss this case with prejudice pursuant to Fed. R. Civ. P. 41(b) due to Plaintiff's failure to prosecute this action." (ECF No. 88, PageID.1422.)

Upon consideration, Defendant Barrows' motion (ECF No. 88) is **DENIED**. Notwithstanding E.D. Mich. LR 7.1's requirement that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available[,]" E.D. Mich. LR 7.1(c)(1), "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). "The court is

required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." *Carver*, 946 F.2d at 455.

### D. Dismissal for Failure to Prosecute

Eastern District of Michigan Local Rule 41.2 provides that "when it appears that . . . the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. LR 41.2. Here, Plaintiff has not filed anything directly on the docket since his witness list, which was dated and post-marked December 9, 2025 and filed effective December 16, 2025, although it was not docketed until December 17, 2025. (*See* ECF No. 84.)

More problematically, as noted above, Plaintiff did not timely respond to Defendant Barrows' pending, December 17, 2025 dispositive motion (ECF No. 85), even when ordered by the Court and given more time than permitted by the procedural rules (*see* ECF No. 87). Moreover, Defendant Barrows' motion was mailed to Plaintiff at ECF on December 17, 2025 (*see* ECF No. 85, PageID.1355), *i.e.*, 20 days before January 6, 2026, and the Court's December 22, 2025 order requiring a response (ECF No. 87) would have been served promptly to Plaintiff's address of record (*i.e.*, the MDOC's ECF), *i.e.*, 15 days before January 6, 2026. Therefore, it is reasonable to assume Plaintiff received each before his parole.

4

### E. Order

Upon consideration, the Court will make a single, brief effort to determine whether Plaintiff has abandoned the instant lawsuit, even though the Court recognizes this order, too, will likely be returned as undeliverable. Upon consideration, **ON OR BEFORE Friday, February 13, 2026**, Plaintiff is **ORDERED TO SHOW CAUSE, in writing**, as to (1) why his case against Barrows should not be dismissed in accordance with Federal Rule of Civil Procedure 41(b) and E.D. Mich. LR 41.2 for his failure to comply with the Court's order requiring response (*see* ECF No. 88) and/or under Fed. R. Civ. P. 41(b) for his failure to prosecute; and, (2) also propose a reasonable and conservative extended deadline for filing a response to Defendant Barrows' pending motion (*see* ECF No. 85), should the Court choose to permit a response. Failure to comply with this Order **shall** result in a Report and Recommendation that the Court dismiss Plaintiff's claims against Defendant Barrows pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2

**IT IS SO ORDERED.**

Dated: January 29, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE