UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON FLAKES (#407798),

        Plaintiff,

v.

LISA REED, *et al.*,

        Defendants.

_____/

Case No. 2:24-cv-10475

District Judge Jonathan J.C. Grey
Magistrate Judge Anthony P. Patti

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO:  (1)
DISMISS PLAINTIFF'S CLAIMS AGAINST DEFENDANT BARROWS
WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE COURT'S
ORDERS (ECF Nos. 87, 89) and/or PURSUANT TO FED. R. CIV. P. 41(b)
AND E.D. MICH. LR 41.2 FOR FAILURE TO PROSECUTE; (2) DENY AS
MOOT DEFENDANT BARROWS' MOTION FOR SUMMARY
JUDGMENT ON THE BASIS OF EXHAUSTION (ECF No. 85); and, (3)
DENY AS MOOT DEFENDANT BARROWS' RENEWED
MOTION TO ENFORCE COURT ORDER AND
MOTION TO DISMISS FOR FAILURE TO PROSECUTE (ECF No. 91)</u>**

**I.    RECOMMENDATION**:  The Court should:  **(1) DISMISS** Plaintiff's

claims against Defendant Barrows **WITH PREJUDICE** for failure to comply with

the Court's orders (ECF Nos. 87, 89) and/or pursuant to Fed. R. Civ. P. 41(b) and

E.D. Mich. LR 41.2 for failure to prosecute; **(2) DENY AS MOOT** Defendant

Barrows' motion for summary judgment on the basis of exhaustion (ECF No. 85);

and, **(3) DENY AS MOOT** Defendant Barrows' renewed motion to enforce court

order and motion to dismiss for failure to prosecute (ECF No. 91).

1

## II.    REPORT

Plaintiff initiated this lawsuit in 2024 against eleven Defendants at the Michigan Department of Corrections (MDOC) St. Louis Correctional Facility (SLF).  Flakes claims against eight Defendants have been dismissed.  (*See* ECF No. 57, PageID.879.)  The remaining three Defendants have filed dispositive motions.  MDOC Defendants Horvath and Reed's motion to dismiss (ECF No. 64) and the Undersigned's related report and recommendation (ECF No. 81) are before Judge Grey.  This report relates solely to Plaintiff's claims against Defendant Barrows, a Wellpath, L.L.C. employee.

### A.    Defendant Barrows' December 17, 2025 exhaustion-based motion for summary judgment (ECF No. 85) is unopposed.

Judge Grey has referred this case to me for pretrial matters.  (ECF No. 10.) Currently before the Court is Defendant Barrows' December 17, 2025 motion for summary judgment on the basis of exhaustion (ECF No. 85; *see also* ECF No. 86), as to which Plaintiff's response was due on January 16, 2026, per the Court's Order Requiring a Response (ECF No. 87).

To date, no response has been filed, which means that Defendants' motion is unopposed.  *See* E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available.").

2

**B.      It appears Plaintiff has not updated his address of record following his January 6, 2026 parole.**

At the time Jason Flakes filed his complaint in February 2024, he was located at SLF.  (ECF No. 1, PageID.3.)  Since he initiated this case, he has filed several notices of change of address/contact information (*see* ECF Nos. 41, 47, 48), the most recent of which was dated January 31, 2025, post-marked February 3, 2025, and filed February 10, 2025, and informed the Court of his move to the MDOC's Oaks Correctional Facility (ECF) in Manistee, MI (*see* ECF No. 48). Accordingly, Plaintiff's address of record remains ECF.  Indeed, his most recent filing – *i.e.*, his December 2025 witness list (*see* ECF No. 84) – lists ECF as his address.

Yet, the MDOC's Offender Tracking Information System (OTIS) indicates that Plaintiff was paroled on January 6, 2026 and is assigned to the Kent/Grand Rapids/Parole/REP.  (*See* www.michigan.gov/corrections, "Offender Search," last visited Mar. 2, 2026.)  Thus, based on the record currently before the Court, Plaintiff has failed to comply with this Court's local rule regarding contact information.  *See* E.D. Mich. LR 11.2 ("If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information.").

3

**C.** **It is reasonable to assume Plaintiff received Defendant Barrows' motion (ECF No. 85) and the Court's order requiring response (ECF No. 87) prior to his January 6, 2026 parole.**

Eastern District of Michigan Local Rule 41.2 provides that "when it appears that . . . the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown." E.D. Mich. LR 41.2. Here, Plaintiff has not filed anything directly on the docket since his witness list, which was dated and post-marked December 9, 2025 and filed effective December 16, 2025, although it was not docketed until December 17, 2025. (*See* ECF No. 84.)

More problematically, as noted above, Plaintiff did not timely respond to Defendant Barrows' pending, December 17, 2025 dispositive motion (ECF No. 85), even when ordered by the Court and given more time than permitted by the procedural rules (*see* ECF No. 87). Moreover, Defendant Barrows' motion was mailed to Plaintiff at ECF on December 17, 2025 (*see* ECF No. 85, PageID.1355), *i.e.*, 20 days before January 6, 2026, and the Court's December 22, 2025 order requiring a response (ECF No. 87) would have been served promptly to Plaintiff's address of record (*i.e.*, the MDOC's ECF), *i.e.*, 15 days before January 6, 2026. Therefore, it is reasonable to assume Plaintiff received each before his parole.

**D.    Plaintiff has not responded to the Court's January 29, 2026 show cause order (ECF No. 89).**

On January 29, 2026, the Court entered an order denying Defendant

Barrows' motion to enforce Court order (ECF No. 88) but requiring Plaintiff to

show cause why his claims against Barrows should not be dismissed under Fed. R.

Civ. P. 41(b) and E.D. Mich. 41.2.  (ECF No. 89.)  The order expressly provided:

> Upon consideration, the Court will make a single, brief effort to determine whether Plaintiff has abandoned the instant lawsuit, even though the Court recognizes this order, too, will likely be returned as undeliverable.  Upon consideration, **ON OR BEFORE Friday, February 13, 2026**, Plaintiff is **ORDERED TO SHOW CAUSE, in writing**, as to (1) why his case against Barrows should not be dismissed in accordance with Federal Rule of Civil Procedure 41(b) and E.D. Mich. LR 41.2 for his failure to comply with the Court's order requiring response (see ECF No. 88) and/or under Fed. R. Civ. P. 41(b) for his failure to prosecute; and, (2) also propose a reasonable and conservative extended deadline for filing a response to Defendant Barrows' pending motion (see ECF No. 85), should the Court choose to permit a response.  Failure to comply with this Order **shall** result in a Report and Recommendation that the Court dismiss Plaintiff's claims against Defendant Barrows pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2[.]

(ECF No. 89, PageID.1428 (emphases in original).)

To date, Plaintiff has not filed a response to the Court's show cause order.

That Plaintiff's copy of this order has been returned to the Court as undeliverable

(*see* ECF No. 90) is presumably attributable to Plaintiff, who appears to have

neglected to update his contact information following his January 6, 2026 parole.

5

**E.     It is appropriate to consider an order of involuntary dismissal.**

Federal Rule of Civil Procedure 41(b) and Local Rule 41.2 authorize involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders.  *See also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962)).  "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Cnty. Gen Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (affirming district court's *sua sponte* dismissal pursuant to Rule 41(b)).  Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30; *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link*, 370 U.S. at 629-32); *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district

6

court does have power under [Fed. R. Civ. P. 41(b) ] to enter a *sua sponte* order of dismissal.").

The United States Court of Appeals for the Sixth Circuit directs district courts to consider the following factors in deciding whether to dismiss under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citation omitted). Although none of the factors is "'outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id*. (quoting *Knoll*, 176 F.3d at 363).

## F. Discussion

The record demonstrates that involuntary dismissal is appropriate here, based on several considerations.

### 1. Whether Plaintiff Flakes's failure is due to willfulness, bad faith, or fault?

As noted above: (a) Defendant Barrows' December 17, 2025 exhaustion-based motion for summary judgment (ECF No. 85) is unopposed; (b) it is reasonable to assume Plaintiff received Defendant Barrows' motion (ECF No. 85)

and the Court's order requiring response (ECF No. 87) prior to his January 6, 2026 parole; (c) it appears Plaintiff has not updated his address of record following his January 6, 2026 parole; and, (d) Plaintiff has not responded to the Court's January 29, 2026 show cause order (ECF No. 89).  Thus, Plaintiff's failure to oppose Defendant Barrows' pending motion appears to be willful, and Plaintiff's failure to respond to the Court's show cause order, which has been returned to the Court as undeliverable, appears to be his fault.

### 2.     Whether Barrows was prejudiced by Flakes's conduct?

Although Plaintiff initiated this lawsuit in February 2024, service upon Barrows was facilitated by the Court and the U.S. Marshal Service (USMS), with the USMS making attempts to serve Barrows in March 2024, July 2024, and November 2024 (*see* ECF No. 9, PageID.10; ECF No. 29, PageID.332; ECF No. 46, PageID.789), and the Court, along the way, seeking the MDOC's assistance in securing an address for service upon Barrows (ECF Nos. 26, 44).

Ultimately, Barrows appeared via counsel on April 3, 2025.  (ECF Nos. 60, 61; *see also* ECF No. 77.)  However, in the eleven months that Barrows has been before the Court, despite Wellpath's bankruptcy petition (*see* Case No. 24-90533 (ARP) (S.D. Tex.), Barrows has invested time and money in defending this case, as evidenced by, *e.g.*, his suggestion of bankruptcy (ECF No. 62), two bankruptcy-related status reports (ECF No. 72, 78), a witness list (ECF No. 83), and the

currently pending motion for summary judgment and declaration (ECF Nos. 85, 86), excluding his two motions to enforce this Court's orders (*see* ECF Nos. 88, 91).

### 3. Whether Flakes was warned that failure to cooperate could lead to dismissal?

The Court's January 29, 2026 order expressly states: "Failure to comply with this Order **shall** result in a Report and Recommendation that the Court dismiss Plaintiff's claims against Defendant Barrows pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2[.]"  (ECF No. 43, PageID.412 (emphases in original).)  As noted above, Plaintiff's copy of this order has been returned to the Court as undeliverable (*see* ECF No. 90) is presumably attributable to Plaintiff, who appears to have neglected to update his contact information following his January 6, 2026 parole.

### 4. Whether dismissal is appropriate to achieve the orderly and expeditious disposition of this case?

Beyond the failure to comply with the Court's December 22, 2025 order requiring response (ECF No. 87) and January 29, 2026 order requiring Plaintiff to show cause why his claims against Barrows should not be dismissed under Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2 (ECF No. 89), Plaintiff seems to have discontinued prosecuting this case.  Flakes's most recent submission – mailed from ECF – was dated and post-marked December 9, 2025 and filed effective December

9

16, 2025, although it was not docketed until December 17, 2025.  (*See* ECF No. 84.)  Thus, it has been more than two months since he has filed anything in this matter, notwithstanding Defendant Barrows' December 17, 2025 motion (ECF No. 85) and the Court's December 22, 2025 order requiring response (ECF No. 87), both of which Plaintiff is presumed to have received at ECF prior to his parole. Plaintiff simply seems to have lost interest in his case since his release from prison. Under these circumstances, this period of inaction suggests that Plaintiff has discontinued prosecuting this case.

### G.    Conclusion

For the above-detailed reasons, the Court should:  **(1) DISMISS** Plaintiff's claims against Barrows **WITH PREJUDICE** for failure to comply with the Court's December 22, 2025 and January 29, 2026 orders (ECF Nos. 87, 89) and/or pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2 for failure to prosecute; **(2) DENY AS MOOT** Defendant Barrows' motion for summary judgment on the basis of exhaustion (ECF No. 85); and, **(3) DENY AS MOOT** Defendant Barrows' renewed motion to enforce court order and motion to dismiss for failure to prosecute (ECF No. 91).

10

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc*.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  March 3, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE