UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON FLAKES,

       Plaintiff,

v.

LISA REED, et al.,

       Defendants.

_____/

Case No. 24-10475
Hon. Jonathan J.C. Grey
Magistrate Judge Anthony P. Patti

**ORDER ADOPTING REPORT AND
RECOMMENDATION (ECF No. 81)**

## I.   INTRODUCTION

Pro se Plaintiff Jason Flakes commenced this action against eleven defendants on February 7, 2024 when he was located at the Michigan Department of Correction's ("MDOC") St. Louis Correctional Facility ("SLF"). (ECF No. 1.) The case was transferred to this Court on February 26, 2024. (*Id.*) In relevant part, Flakes alleges that Defendants Lisa Reed, the clerk of the MDOC Secretary of State Licensing Division, and David Horvath, a schoolteacher or principal at SLF, (collectively, the "defendants") violated his rights "to his personal signature, to practice his religion, to freedom of speech[,] and to equal protection of the law"

under the First, Fifth, Eighth, and Fourteenth Amendment.[1] (*Id.* at PageID.39–40.) He further alleges that the defendants violated his rights under UCC § 3-401, codified at MICH. COMP. LAWS § 440.3401, and MDOC Policy Directive 04.01.115. (*Id.*) On April 24, 2025, Reed and Horvath filed a motion to dismiss. (ECF No. 64.) The motion is fully briefed. (ECF Nos. 69, 71.)[2]

This matter comes before the Court on Magistrate Judge Anthony P. Patti's Report and Recommendation ("R&R") dated October 29, 2025. (ECF No. 81.) In the R&R, Judge Patti recommended that the Court grant Reed's and Horvath's motion to dismiss. Flakes filed objections to the R&R (ECF No. 82), to which Reed and Horvath did not respond.

For the reasons stated below, the Court **OVERRULES** Flakes' objections to the R&R (ECF No. 82), **ADOPTS** the R&R in its entirety

---

[1] Flakes signed his name "*Nobly ALLAH* Jason Flakes*" in applying for a state identification ("ID") card. (ECF No. 1-4, PageID.68.) Flakes alleges that Horvath subsequently told him that his signature was unacceptable and would not be approved for a state ID card. (ECF No. 1, PageID.6.) Flakes refused to change his signature. (*Id.*)

[2] Flakes also filed a sur-reply on June 25, 2025. (ECF No. 74.) The Court agrees with Judge Patti that "[s]ur-replies are not permitted unless requested by the Court." (ECF No. 81, PageID.1313 n.1 (citing E.D. Mich. Local Rules 5.1 and 7.1).) However, the Court will consider Flakes' sur-reply, as does the R&R.

(ECF No. 81), and **GRANTS** Reed's and Horvath's motion to dismiss (ECF No. 64).

## II. ANALYSIS

### A. Legal Standard

The Court reviews de novo any portion of the R&R to which a specific objection has been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011).

Under Federal Rule of Civil Procedure 12(b)(6), a pleading fails to state a claim if its allegations do not support recovery under any recognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, the court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The plaintiff need not provide "detailed factual allegations" but must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] formulaic recitation of the elements of a cause of action will not do.").

Although the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face,"

the court need not accept legal conclusions as true. *Iqbal*, 556 U.S. at 678–679 (internal quotation marks and citation omitted). The complaint is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678; *see also 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (citations omitted) ("The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct.").

### B.   First Objection

Flakes first objects to the R&R's "interpretation of MCL §[§] 28.291 to 28.300 on signatures." (ECF No. 81, PageID.1329.) Flakes contends that because these statutory provisions do not define "signature," the Court must turn to the Black's Law Dictionary's definition. (*Id.*)

Black's Law Dictionary defines "signature" as "[a] person's name or mark written by that person or at the person's direction; esp., one's handwritten name as one ordinarily writes it, as at the end of a letter or a check, to show that one has written it." *Signature*, BLACK'S LAW DICTIONARY (12th ed. 2024). Although the R&R acknowledged other

sources for defining "signature," including Black's Law Dictionary, it ultimately concluded that Flakes' "claims against Reed and Horvath regarding his signature are not facially plausible, because [Flakes] does not plead 'factual content that allows the court to draw the *reasonable* inference that the defendant is liable for the misconduct alleged.'" (ECF No. 81, PageID.1322–1324 (emphasis added) (quoting *Iqbal*, 556 U.S. at 678).) The Court agrees, and Flakes' objection does not specifically address the conclusion that, even if his signature qualifies as a "signature" under the Black's Law Dictionary definition, he failed to adequately plead his claims.

State of Michigan Personal Identification Cards are governed by MICH. COMP. LAWS §§ 28.291 to 28.300. In relevant part, § 28.291 provides:

> An application for an official state personal identification card must be made ***in a manner prescribed by the secretary of state*** and must contain the applicant's ***full legal name***, date of birth, residence address, height, sex, eye color, ***signature***, intent to be an organ donor, other information required or permitted on the official state personal identification card and, only to the extent to comply with federal law, the applicant's Social Security number.

MICH. COMP. LAWS § 28.291(1) (emphases added). The statute does not define "signature."

Assuming without deciding that Flakes' signature satisfied the Black's Law Dictionary definition, the Court agrees with the R&R that "[t]here was nothing unreasonable, much less unconstitutional, about requiring Plaintiff to sign his application for a state identity card in a manner that was both legible and reflective of his actual, legal name[.]" (ECF No. 81, PageID.1324.) Indeed, § 28.291 states that "[a]n individual who is a resident of this state *may apply* to the secretary of state," and that the application "must be made in a manner prescribed by the secretary of state." It does not automatically entitle a resident to an identification card. Without more, the Court cannot find that Flakes alleged cognizable statutory claims against Reed and Horvath.[3]

Accordingly, the Court **DENIES** Flakes' first objection.

## C.    Second and Third Objections

---

[3] Flakes also references UCC §§ 1-201(b)(37), 3-401(b) ("A signature may be made . . . by the use of any name, including a trade or assumed name, or by a word, mark, or symbol executed or adopted by a person with present intention to authenticate a writing.") and Restatement (Second) of Contracts § 134 (1979) ("The signature to a memorandum may be any symbol made or adopted with an intention, actual or apparent, to authenticate the writing as that of the signer."). However, the Court finds that the UCC and Restatement (Second) of Contracts are inapplicable because State of Michigan ID cards are governed by MICH. COMP. LAWS §§ 28.291-28.300. Flakes does not otherwise explain how an application for a state ID card qualifies as a contract for the sale of goods or a common law contract. Even so, as already stated, Flakes failed to adequately plead his claims.

6

Flakes' second objection contends that the defendants violated his First Amendment right to practice his religion because his signature is a form of praise to God, Allah. (ECF No. 82, PageID.1331.) Relatedly, his third objection asserts that the defendants retaliated against him for exercising his right to his signature and to practice his religion when they denied him the right to receive a state ID. (*Id.* at PageID.1332.)

Flakes' second and third objections amount to general objections to the R&R. He does not specify any part of the R&R to which he objects and fails to identify any *specific* error in the R&R. Thus, the Court is not obligated to address his second and third objections. *See, e.g.*, *Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) ("This Court is not obligated to address objections made in this form because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations[.]").

Even so, Flakes' second and third objections fail on the merits. The complaint includes only conclusory references to constitutional amendments, which do not satisfy Fed. R. Civ. P. 8(a)'s pleading standards. Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*,

556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also Dinwiddie v. Beshear*, No. 18-5882, 2019 WL 4009835, at *3 (6th Cir. Apr. 24, 2019) (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) ("Although . . . pro se filings are entitled to liberal construction . . . conclusory allegations are insufficient to state a claim under § 1983."). Based on these conclusory statements, Magistrate Judge Patti correctly found that Flakes failed to state First Amendment claims. Flakes' objections do not argue otherwise. Instead, the objections merely state, again in a conclusory fashion, that his First Amendment rights were violated.

Accordingly, the Court **DENIES** Flakes' second and third objections.

## III.   CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the R&R dated October 29, 2025 (ECF No. 81) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Flakes' objections to the R&R are **OVERRULED**. (ECF No. 82.)

**IT IS FURTHER ORDERED** that Reed's and Horvath's motion to dismiss (ECF No. 64) is **GRANTED**.

**IT IS FURTHER ORDERED** that Flakes' claims against Reed and Horvath are **DISMISSED**.

**SO ORDERED**.

Dated: March 30, 2026                           **s/Jonathan J.C. Grey**
                                                Jonathan J.C. Grey
                                                United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 30, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager

10